**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

THE EXPLORERS CLUB, INC.,

                  Plaintiff,

    -against-

DIAGEO PLC, DIAGEO BRANDS B.V.,
DIAGEO AMERICAS SUPPLY, INC.,
DIAGEO NORTH AMERICA, INC., and
DIAGEO AMERICAS, INC.,

                  Defendants.

ECF Case

14 Civ. 1959 (JGK)

**<u>ANSWER</u>**

Defendants Diageo Brands B.V., Diageo Americas Supply, Inc., Diageo North America, Inc., and Diageo Americas, Inc. (collectively, "Diageo" or "Defendants"), by and through their undersigned attorneys, Quinn Emanuel Urquhart & Sullivan, LLP, answer, upon knowledge, as to themselves and their own acts, and otherwise upon information and belief, the Complaint of Plaintiff The Explorers Club, Inc. ("TEC") as follows:

1.      Defendants are not required to respond and, therefore, do not respond, to TEC's characterization of its claims as set forth in Paragraph 1 of the Complaint. To the extent that a response is required, Defendants deny the allegations of Paragraph 1.

2.      Defendants aver that Diageo and/or its affiliates have a product line called the Johnnie Walker Explorers' Club Collection. Defendants deny that they have a product line called "Explorers' Club," and on that basis deny the allegations of Paragraph 2. Defendants aver that Paragraph 2 states a legal conclusion as to which no response is necessary. To the extent that a response is necessary, Defendants deny the allegations of Paragraph 2 of the Complaint.

3.      Defendants aver that they lack sufficient knowledge or information to form a belief regarding the activities of TEC and on that basis deny those allegations of Paragraph 3 of the Complaint. Defendants otherwise deny the allegations of Paragraph 3 of the Complaint.

4.      Defendants aver that Paragraph 4 states a legal conclusion as to which no response is necessary. To the extent that a response is necessary, Defendants deny the allegations of Paragraph 4 of the Complaint.

5.      Defendants aver that Paragraph 5 states a legal conclusion as to which no response is necessary. To the extent that a response is necessary, Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 5 and on that basis deny the allegations of Paragraph 5 of the Complaint.

6.      Defendants admit the allegations of Paragraph 6 of the Complaint.

7.      Defendants aver that Diageo plc is the holding company that is the ultimate parent of Diageo Brands B.V., and otherwise admit the allegations of Paragraph 7 of the Complaint.

8.      Defendants aver that Diageo plc is the holding company that is the ultimate parent of Diageo Americas Supply Inc., and otherwise admit the allegations of Paragraph 8 of the Complaint.

9.      Defendants aver that Diageo plc is the holding company that is the ultimate parent of Diageo North America, Inc., and otherwise admit the allegations of Paragraph 9 of the Complaint.

10.     Defendants aver that Diageo plc is the holding company that is the ultimate parent of Diageo Americas, Inc., and otherwise admit the allegations of Paragraph 10 of the Complaint.

11.     Defendants deny the allegations of Paragraph 11 of the Complaint.

12.     Defendants aver that Paragraph 12 quotes a web page which is not attached to the Complaint. Defendants aver that the terms of the web page speak for themselves, and Defendants refer to the web page for an accurate and complete summary of its terms. Defendants admit Johnnie Walker is a Scotch whisky brand owned by Diageo and/or its affiliates. Defendants admit that some of the other brands Diageo and/or its affiliates distribute include Crown Royal, J&B, Windsor, Buchanan's and Bushmills whiskies, Smirnoff, Ciroc, and Ketel One vodkas, Baileys, Captain Morgan, Tanqueray and Guinness. Defendants otherwise deny the allegations of Paragraph 12 of the Complaint.

13.     Defendants aver that Paragraph 13 states a legal conclusion as to which no response is necessary. To the extent that a response is necessary, Defendants admit that this

Court has subject matter jurisdiction under 15 U.S.C § 1121 and 28 U.S.C §§ 1331, 1338, and 1367.

14.     Defendants aver that Paragraph 14 states a legal conclusion as to which no response is necessary. To the extent that a response is necessary, Defendants deny that Diageo plc regularly conducts or has conducted business in this district and that this Court has personal jurisdiction over Diageo plc. Defendants admit that Diageo Brands B.V., Diageo Americas Supply, Inc., Diageo North America, Inc., and Diageo Americas, Inc. have conducted or conduct business in this district and that venue in this district is proper as to those Defendants. Defendants otherwise deny the allegations of Paragraph 14 of the Complaint.

15.     Defendants aver that Paragraph 15 references a document, the terms of which speak for themselves, and Defendants refer to the document for an accurate and complete summary of its terms. Defendants aver they otherwise lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 15 and on that basis deny the allegations of Paragraph 15 of the Complaint.

16.      Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 16 and on that basis deny the allegations of Paragraph 16 of the Complaint.

17.     Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 17 and on that basis deny the allegations of Paragraph 17 of the Complaint.

18.     Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 18 and on that basis deny the allegations of Paragraph 18 of the Complaint.

19.     Defendants aver that Paragraph 19 states a legal conclusion as to which no response is necessary. To the extent that a response is necessary, Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 19 and on that basis deny the allegations of Paragraph 19 of the Complaint.

20.     Defendants aver that Paragraph 20 references a document, the terms of which speak for themselves, and Defendants refer to the document for an accurate and complete summary of its terms. Defendants aver that Paragraph 20 states a legal conclusion as to which no response is necessary. To the extent that a response is necessary, Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 20 and on that basis deny the allegations of Paragraph 20 of the Complaint.

21.      Defendants aver that Paragraph 21 states a legal conclusion as to which no response is necessary. To the extent that a response is necessary, Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 21 and on that basis deny the allegations of Paragraph 21 of the Complaint.

22.     Defendants aver that Paragraph 22 states a legal conclusion as to which no response is necessary. To the extent that a response is necessary, Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 22 and on that basis deny the allegations of Paragraph 22 of the Complaint.

23.     Defendants aver that Diageo and/or its affiliates have a product line called the Johnnie Walker Explorers' Club Collection.  Defendants deny that they have a product line called "Explorers' Club," and on that basis deny the allegations of Paragraph 23. Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 23 and on that basis deny the allegations of Paragraph 23 of the Complaint.

24.     Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 24 and on that basis deny the allegations of Paragraph 24 of the Complaint.

25.     Defendants aver that Paragraph 25 states a legal conclusion as to which no response is necessary. To the extent that a response is necessary, Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 25 and on that basis deny the allegations of Paragraph 25 of the Complaint.

26.     Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 26 and on that basis deny the allegations of Paragraph 26 of the Complaint.

27.     Defendants aver that Paragraph 27 references a document, the terms of which speak for themselves, and Defendants refer to the document for an accurate and complete summary of its terms. Defendants aver that they otherwise lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 27 and on that basis deny the allegations of Paragraph 27 of the Complaint.

28.     Defendants aver that Paragraph 28 references and purports to quote a document not included in or attached to the Complaint, and therefore Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 28, and on that basis Defendants deny the allegations of Paragraph 28 of the Complaint. To the extent that Paragraph 28 references a document, Defendants aver that the terms of the document speak for themselves, and Defendants refer to the document for an accurate and complete summary of its terms. Defendants otherwise aver that they lack sufficient knowledge or information to form a

belief as to the allegations of Paragraph 28 and on that basis deny the allegations of Paragraph 28 of the Complaint.

29.     Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 29 and on that basis deny the allegations of Paragraph 29 of the Complaint.

30.     Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 30 and on that basis deny the allegations of Paragraph 30 of the Complaint.

31.     Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 31 and on that basis deny the allegations of Paragraph 31 of the Complaint.

32.     Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 32 and on that basis deny the allegations of Paragraph 32 of the Complaint.

33.     Defendants aver that Paragraph 33 references and purports to quote a book not included in or attached to the Complaint, and therefore Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 33, and on that basis Defendants deny the allegations of Paragraph 33 of the Complaint. To the extent that Paragraph 33 references a book, Defendants aver that the terms of the book speak for themselves, and Defendants refer to the book for an accurate and complete summary of its terms. Defendants otherwise aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 33 and on that basis deny the allegations of Paragraph 33 of the Complaint.

34.     Defendants aver that Paragraph 34 states a legal conclusion as to which no response is necessary. To the extent that a response is necessary, Defendants deny the allegations of Paragraph 34 of the Complaint.

35.     Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 35 and on that basis deny the allegations of Paragraph 35 of the Complaint.

36.     Defendants aver that Paragraph 36 states a legal conclusion as to which no response is necessary. To the extent that a response is necessary, Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 36 and on that basis deny the allegations of Paragraph 36 of the Complaint.

37.     Defendants aver that Diageo and/or its affiliates have a product line called the Johnnie Walker Explorers' Club Collection.  Defendants deny that they have a product line called "Explorers' Club," and on that basis deny the allegations of Paragraph 37. Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 37 and on that basis deny the allegations of Paragraph 37 of the Complaint.

38.     Defendants aver that Paragraph 38 references a document, the terms of which speak for themselves, and Defendants refer to the document for an accurate and complete summary of its terms. Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 38 and on that basis deny the allegations of Paragraph 38 of the Complaint.

39.     Defendants aver that Paragraph 39 references and purports to quote documents not included in or attached to the Complaint, and therefore Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 39, and on

that basis Defendants deny the allegations of Paragraph 39 of the Complaint. To the extent that

Paragraph 39 references documents, Defendants aver that the terms of the documents speak for

themselves, and Defendants refer to the documents for an accurate and complete summary of

their terms. Defendants otherwise aver that they lack sufficient knowledge or information to

form a belief as to the allegations of Paragraph 39 and on that basis deny the allegations of

Paragraph 39 of the Complaint.

40.     Defendants aver that Diageo and/or its affiliates have a product line called the

Johnnie Walker Explorers' Club Collection.  Defendants deny that they have a product line

called "Explorers' Club Collection," and on that basis deny the allegations of Paragraph 40.

Defendants aver that Paragraph 40 states a legal conclusion as to which no response is necessary.

To the extent that a response is necessary, Defendants aver that they lack sufficient knowledge or

information to form a belief as to the allegations of Paragraph 40 and on that basis deny the

allegations of Paragraph 40 of the Complaint.

41.     Defendants aver that Diageo and/or its affiliates have a product line called the

Johnnie Walker Explorers' Club Collection.  Defendants deny that they have a product line

called "Explorers' Club Collection," and on that basis deny the allegations of Paragraph 41.

Defendants aver that Paragraph 41 states a legal conclusion as to which no response is necessary.

To the extent that a response is necessary, Defendants aver that they lack sufficient knowledge or

information to form a belief as to the allegations of Paragraph 41 and on that basis deny the

allegations of Paragraph 41 of the Complaint.

42.     Defendants aver that Diageo and/or its affiliates have a product line called the

Johnnie Walker Explorers' Club Collection.  Defendants deny that they have a product line

called "Explorers' Club Collection," and on that basis deny the allegations of Paragraph 42.

9

Defendants aver that Paragraph 42 states a legal conclusion as to which no response is necessary. To the extent that a response is necessary, Defendants deny that in July 2013 they "purchased a controlling interest" in United Spirits. Defendants aver that they otherwise lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 42 and on that basis deny the remaining allegations of Paragraph 42 of the Complaint.

43.     Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 43 and on that basis deny the allegations of Paragraph 43 of the Complaint.

44.     Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 44 and on that basis deny the allegations of Paragraph 44 of the Complaint.

45.     Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 45 and on that basis deny the allegations of Paragraph 45 of the Complaint.

46.     Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 46 and on that basis deny the allegations of Paragraph 46 of the Complaint.

47.     Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 47 and on that basis deny the allegations of Paragraph 47 of the Complaint.

48.     Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 48 and on that basis deny the allegations of Paragraph 48 of the Complaint.

49.     Defendants aver that Paragraph 49 references and purports to quote documents not included in or attached to the Complaint, and therefore Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 49, and on that basis Defendants deny the allegations of Paragraph 49 of the Complaint. To the extent that Paragraph 49 references several documents, Defendants aver that the terms of the documents speak for themselves, and Defendants refer to the documents for an accurate and complete summary of their terms. Defendants otherwise aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 49 and on that basis deny the allegations of Paragraph 49 of the Complaint.

50.     Defendants aver that Paragraph 50 references and purports to quote documents not included in or attached to the Complaint, and therefore Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 50, and on that basis Defendants deny the allegations of Paragraph 50 of the Complaint. To the extent that Paragraph 50 references documents, Defendants aver that the terms of the documents speak for themselves, and Defendants refer to the documents for an accurate and complete summary of their terms. Defendants otherwise aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 50 and on that basis deny the allegations of Paragraph 50 of the Complaint.

51.     Defendants aver that Paragraph 51 references and purports to quote documents not included in or attached to the Complaint, and therefore Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 51, and on that basis Defendants deny the allegations of Paragraph 51 of the Complaint. To the extent that Paragraph 51 references documents, Defendants aver that the terms of the documents speak for

themselves, and Defendants refer to the documents for an accurate and complete summary of their terms. Defendants otherwise aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 51 and on that basis deny the allegations of Paragraph 51 of the Complaint.

52.    Defendants aver that Paragraph 52 references and purports to quote a book not included in or attached to the Complaint, and therefore Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 52, and on that basis Defendants deny the allegations of Paragraph 52 of the Complaint. To the extent that Paragraph 52 references a book, Defendants aver that the terms of the book speak for themselves, and Defendants refer to the book for an accurate and complete summary of its terms. Defendants otherwise aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 52 and on that basis deny the allegations of Paragraph 52 of the Complaint.

53.    Defendants aver that Paragraph 53 states a legal conclusion as to which no response is necessary. To the extent that a response is necessary, Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 53 regarding activities of TEC and on that basis deny those allegations of Paragraph 53 of the Complaint. Defendants otherwise deny the allegations of Paragraph 53 of the Complaint.

54.    Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 54 and on that basis deny the allegations of Paragraph 54 of the Complaint.

55.     Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 55 and on that basis deny the allegations of Paragraph 55 of the Complaint.

56.     Defendants aver that Paragraph 56 references and purports to quote a document not included in or attached to the Complaint, and therefore Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 56, and on that basis Defendants deny the allegations of Paragraph 56 of the Complaint. To the extent that Paragraph 56 references a document, Defendants aver that the terms of the document speak for themselves, and Defendants refer to the document for an accurate and complete summary of its terms. Defendants otherwise aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 56 and on that basis deny the allegations of Paragraph 56 of the Complaint.

57.     Defendants aver that Paragraph 57 references and appears to quote a speech, transcript or recording not included in or attached to the Complaint, and therefore Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 57, and on that basis Defendants deny the allegations of Paragraph 57 of the Complaint. To the extent that Paragraph 57 references a document or recording, Defendants aver that the terms of the document or recording speak for themselves, and Defendants refer to the document or recording for an accurate and complete summary of its terms. Defendants otherwise aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 57 and on that basis deny the allegations of Paragraph 57 of the Complaint.

58.     Defendants aver that Paragraph 58 references and purports to quote documents not included in or attached to the Complaint, and therefore Defendants aver that they lack

13

sufficient knowledge or information to form a belief as to the allegations of Paragraph 58, and on that basis Defendants deny the allegations of Paragraph 58 of the Complaint. To the extent that Paragraph 58 references documents, Defendants aver that the terms of the documents speak for themselves, and Defendants refer to the documents for an accurate and complete summary of their terms. Defendants otherwise aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 58 and on that basis deny the allegations of Paragraph 58 of the Complaint.

59.     Defendants aver that Paragraph 59 states a legal conclusion as to which no response is necessary. To the extent that a response is necessary, Defendants deny the allegations of Paragraph 59 of the Complaint.

60.     Defendants deny the allegations of Paragraph 60 of the Complaint.

61.     Defendants aver that in late 2012 Diageo and/or its affiliates launched the Johnnie Walker Explorers' Club Collection of Scotch whiskies. Defendants deny that they have a product line called "The Explorers' Club Collection," and on that basis deny the allegations of Paragraph 61. Defendants aver that: (1) Johnnie Walker Explorers' Club Collection Scotch whiskies are exclusively available in duty-free outlets, (2) this product line was launched in late 2012, and (3) Diageo and/or its affiliates have used the phrase "Trusted Companion to Adventure" in marketing. Defendants otherwise deny the allegations of Paragraph 61 of the Complaint.

62.     Defendants aver that Diageo and/or its affiliates have a product line called the Johnnie Walker Explorers' Club Collection. Defendants deny that they have a product line called "The Explorers' Club Collection," and on that basis deny the allegations of Paragraph 62. Defendants aver that Diageo and/or its affiliates have described their investment in the Johnnie

Walker Explorers' Club Collection of Scotch whiskies as their largest ever investment in travel retail. Defendants otherwise deny the allegations of Paragraph 62 of the Complaint.

63.     Defendants aver that Paragraph 63 states a legal conclusion as to which no response is necessary. To the extent that a response is necessary, Defendants deny the allegations of Paragraph 63 of the Complaint.

64.     Defendants aver that Paragraph 64 states a legal conclusion as to which no response is necessary. To the extent that a response is necessary, Defendants deny the allegations of Paragraph 64 of the Complaint.

65.     Defendants aver that Diageo and/or its affiliates have a product line called the Johnnie Walker Explorers' Club Collection. Defendants deny that they have a product line called "The Explorers' Club Collection," and on that basis deny the allegations of Paragraph 65 of the Complaint. Defendants aver that Diageo and/or its affiliates announced the launch of the Johnnie Walker Explorers' Club Collection at the Tax Free World Associations exhibition in Cannes in October 2012. Defendants otherwise deny the allegations of Paragraph 65 of the Complaint.

66.     Defendants aver that Diageo and/or its affiliates have a product line called the Johnnie Walker Explorers' Club Collection. Defendants deny that they have a product line called "The Explorers' Club," and on that basis deny the allegations of Paragraph 66 of the Complaint. Defendants aver that the Johnnie Walker Explorers' Club Collection of Scotch whiskies is available exclusively in duty-free stores and therefore available exclusively for travelers, and that it was inspired by travel. Defendants further aver that Paragraph 66 references and purports to quote a speech, transcript, recording, or document not included in or attached to the Complaint, and therefore Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 66, and on that basis Defendants deny the allegations of

Paragraph 66 of the Complaint. To the extent that Paragraph 66 references a document or recording, Defendants aver that the terms of the document or recording speak for themselves, and Defendants refer to the document or recording for an accurate and complete summary of its terms. Defendants otherwise deny the allegations of Paragraph 66 of the Complaint.

67.     Defendants aver that Paragraph 67 references a document, Exhibit D, the terms of which speak for themselves, and Defendants refer to the document for an accurate and complete summary of its terms. Defendants further aver that Paragraph 67 references and purports to quote a document not included in or attached to the Complaint, and therefore Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 67, and on that basis Defendants deny the allegations of Paragraph 67 of the Complaint. To the extent that Paragraph 67 references a document not included in or attached to the Complaint, Defendants aver that the terms of the document speak for themselves, and Defendants refer to the document for an accurate and complete summary of its terms. Defendants admit that target consumers of certain of Diageo's and/or its affiliates' products are "highly valued retail consumers." Defendants otherwise deny the allegations of Paragraph 67.

68.     Defendants aver that Diageo and/or its affiliates have a product line called the Johnnie Walker Explorers' Club Collection. Defendants deny that they have an "Explorers' Club whisky," and on that basis deny the allegations of Paragraph 68. Defendants admit that Johnnie Walker Explorers' Club Collection Scotch whiskies are available in at least 120 different international airports worldwide, and in multiple duty-free stores within certain of these airports. Defendants otherwise deny the allegations of Paragraph 68 of the Complaint.

69.     Defendants aver that Diageo and/or its affiliates have a product line called the Johnnie Walker Explorers' Club Collection. Defendants deny that they have a product line called

"The Explorers' Club Collection," and on that basis deny the allegations of Paragraph 69 of the Complaint. Defendants aver that (1) the Johnnie Walker Explorers' Club Collection currently consists of the Trade Route Series, a set of three whiskies labeled The Spice Road, The Gold Route, and The Royal Route, (2) The Spice Road, the first of the Trade Route Series to launch, launched abroad in November 2012, (3) The Gold Route launched in March 2013, (4) The Royal Route also launched in 2013, and (5) Diageo and/or its affiliates intend to release, and have released, multiple products as part of the Johnnie Walker Explorers' Club Collection product line. To the extent Paragraph 69 includes a graphic, Defendants aver that no allegations are made regarding this graphic and that the terms of the graphic speak for themselves, and refer to the graphic for an accurate and complete summary of its terms. Defendants otherwise deny the allegations of Paragraph 69 of the Complaint.

70.     Defendants aver that Diageo and/or its affiliates have a product line called the Johnnie Walker Explorers' Club Collection. Defendants deny that they have a product line called the "Explorers' Club Collection," and on that basis deny the allegations of Paragraph 70 of the Complaint. Defendants aver that Paragraph 70 references and purports to quote a speech, transcript, recording or document not included in or attached to the Complaint, and therefore Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 70, and on that basis Defendants deny the allegations of Paragraph 70 of the Complaint. To the extent that Paragraph 70 references a document or recording, Defendants aver that the terms of the document or recording speak for themselves, and Defendants refer to the document or recording for an accurate and complete summary of its terms. Defendants admit that Diageo and/or its affiliate made an announcement about the Johnnie Walker Explorers' Club

Collection in Cannes. Defendants otherwise deny the allegations of Paragraph 70 of the Complaint.

71.     Defendants aver that Diageo and/or its affiliates have a product line called the Johnnie Walker Explorers' Club Collection. Defendants deny that they have a product line called "The Explorers' Club Collection," and on that basis deny the allegations of Paragraph 71. Defendants aver that Paragraph 71 references and purports to quote a document not included in or attached to the Complaint, and therefore Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 71, and on that basis Defendants deny the allegations of Paragraph 71 of the Complaint. To the extent that Paragraph 71 references a document, Defendants aver that the terms of the document speak for themselves, and Defendants refer to the document for an accurate and complete summary of its terms. Defendants admit that the "John Walker & Sons 'Travellers' Room'" was an inspiration for the Johnnie Walker Explorers' Club Collection. Defendants otherwise deny the allegations of Paragraph 71 of the Complaint.

72.     Defendants aver that Paragraph 72 states a legal conclusion as to which no response is necessary. To the extent that a response is necessary, Defendants aver that they lack sufficient knowledge or information to form a belief regarding the allegations of Paragraph 72 and on that basis deny the allegations of Paragraph 72 of the Complaint, except Defendants admit that they did not name the Johnnie Walker Explorers' Club Collection the "Travellers Room Collection" or the "Travellers Collections." Defendants otherwise deny the allegations of Paragraph 72 of the Complaint.

73.     Defendants aver that Diageo and/or its affiliates have a product line called the Johnnie Walker Explorers' Club Collection. Defendants deny that Diageo has a product line

called "Explorers' Club Collection," and on that basis deny the allegations of Paragraph 73. Defendants aver that Paragraph 73 states a legal conclusion as to which no response is necessary. To the extent a response is necessary, Defendants admit that Diageo and/or its affiliates launched the Johnnie Walker Explorers' Club Collection of Scotch whiskies in late 2012. Defendants otherwise deny the allegations of Paragraph 73 of the Complaint.

74.     Defendants aver that Paragraph 74 states a legal conclusion as to which no response is necessary. To the extent that a response is necessary, Defendants deny the allegations of Paragraph 74 of the Complaint.

75.     Defendants aver that Paragraph 75 states a legal conclusion as to which no response is necessary. To the extent that a response is necessary, Defendants deny the allegations of Paragraph 75 of the Complaint.

76.     Defendants aver that Paragraph 76 states a legal conclusion as to which no response is necessary. To the extent that a response is necessary, Defendants aver that Paragraph 76 refers to product packaging, the contents of which speak for themselves, and refer to the product packaging for an accurate and complete summary of its terms. To the extent Paragraph 76 includes a graphic, Defendants aver that no allegations are made regarding this graphic and that the terms of the graphic speak for themselves and refer to the graphic for an accurate and complete summary of its terms. Defendants otherwise deny the allegations of Paragraph 76 of the Complaint.

77.     Defendants aver that Paragraph 77 states a legal conclusion as to which no response is necessary. To the extent that a response is necessary, Defendants aver that Paragraph 77 references graphics the terms of which speak for themselves, and refer to those graphics for

an accurate and complete summary of their terms. Defendants otherwise deny the allegations of Paragraph 77 of the Complaint.

78.     Defendants aver that Paragraph 78 references and purports to quote documents not included in or attached to the Complaint, and therefore Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 78, and on that basis Defendants deny the allegations of Paragraph 78 of the Complaint. To the extent that Paragraph 78 references documents, Defendants aver that the terms of the documents speak for themselves, and Defendants refer to the documents for an accurate and complete summary of their terms. Defendants otherwise deny the allegations of Paragraph 78 of the Complaint.

79.     Defendants aver that Paragraph 79 states a legal conclusion as to which no response is necessary. To the extent that a response is necessary, Defendants admit that Diageo and/or its affiliates have constructed club-like retail displays in certain airport terminals, and Defendants otherwise deny the allegations of Paragraph 79 of the Complaint.

80.     Defendants aver that Paragraph 80 includes graphics, the terms of which speak for themselves. Defendants refer to the graphics for an accurate and complete summary of their terms. Defendants aver that Diageo and/or its affiliates have constructed club-like retail displays in certain airport terminals and/or duty-free stores. Defendants otherwise deny the allegations of Paragraph 80 of the Complaint.

81.     Defendants aver that Diageo and/or its affiliates have a product line called the Johnnie Walker Explorers' Club Collection.  Defendants deny that they have a product line called "Explorers' Club Collection," and on that basis deny the allegations of Paragraph 81. Defendants admit that the marketing of Johnnie Walkers' Explorers' Club Collection of Scotch whiskies has included tasting kiosks in airports, print and digital ads in airport terminals, online

promotional videos, and press releases. Defendants aver that Paragraph 81 references a document, the terms of which speak for themselves, and Defendants refer to the document for an accurate and complete summary of its terms. Defendants otherwise deny the allegations of Paragraph 81.

82.     Defendants aver that Diageo and/or its affiliates have a product line called the Johnnie Walker Explorers' Club Collection.  Defendants deny that they have a product line called "Explorers' Club Collection," and on that basis deny the allegations of Paragraph 82. Defendants aver that Paragraph 82 appears to quote speeches, transcripts, recordings or documents not included in or attached to the Complaint, and therefore Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 82, and on that basis Defendants deny the allegations of Paragraph 82 of the Complaint. To the extent that Paragraph 82 references a document or recording, Defendants aver that the terms of the document or recording speak for themselves, and Defendants refer to the document or recording for an accurate and complete summary of its terms.  Defendants otherwise deny the allegations of Paragraph 82 of the Complaint.

83.     Defendants deny the allegations of Paragraph 83 of the Complaint.

84.     Defendants aver that Diageo and/or its affiliates have a product line called the Johnnie Walker Explorers' Club Collection.   Defendants otherwise deny the allegations of Paragraph 84 of the Complaint.

85.     Defendants aver that Diageo and/or its affiliates have a product line called the Johnnie Walker Explorers' Club Collection.  Defendants deny that they have "Explorers' Club whiskies," and on that basis deny the allegations of Paragraph 85. Defendants aver that

Paragraph 85 states a legal conclusion as to which no response is necessary. To the extent that a response is necessary, Defendants deny the allegations of Paragraph 85 of the Complaint.

86.     Defendants aver that Diageo and/or its affiliates have a product line called the Johnnie Walker Explorers' Club Collection.  Defendants deny that they have a product line called "Explorers' Club Collection," and on that basis deny the allegations of Paragraph 86. Defendants aver that Paragraph 86 states a legal conclusion as to which no response is necessary. To the extent that a response is necessary, Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 86, and on that basis deny the allegations of Paragraph 86 of the Complaint.

87.     Defendants aver that Diageo and/or its affiliates have a product line called the Johnnie Walker Explorers' Club Collection.  Defendants deny that they have a product line called "Explorers' Club Collection," and on that basis deny the allegations of Paragraph 87. Defendants aver that Paragraph 87 states a legal conclusion as to which no response is necessary. To the extent that a response is necessary, Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 87, and on that basis deny the allegations of Paragraph 87 of the Complaint.

88.     Defendants aver that Diageo and/or its affiliates have a product line called the Johnnie Walker Explorers' Club Collection.  Defendants deny that they have "Explorers' Club whisky," and on that basis deny the allegations of Paragraph 88. Defendants aver that Paragraph 88 states a legal conclusion as to which no response is necessary. To the extent that a response is necessary, Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 88, and on that basis deny the allegations of Paragraph 88 of the Complaint.

89.     Defendants aver that Diageo and/or its affiliates have a product line called the Johnnie Walker Explorers' Club Collection.  Defendants deny that they have "Explorers' Club whiskies," and on that basis deny the allegations of Paragraph 89. Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 89, and on that basis deny the allegations of Paragraph 89 of the Complaint.

90.     Defendants aver that Diageo and/or its affiliates have a product line called the Johnnie Walker Explorers' Club Collection.  Defendants deny that they have "Explorers' Club whiskies," and on that basis deny the allegations of Paragraph 90. Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 90, and on that basis deny the allegations of Paragraph 90 of the Complaint.

91.     Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 91 and on that basis deny the allegations of Paragraph 91 of the Complaint.

92.     Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 92 and on that basis deny the allegations of Paragraph 92 of the Complaint.

93.     Defendants aver that Diageo entered into good faith negotiations with TEC and that rather than respond to Diageo's most recent proposal, TEC, in bad faith, brought the instant suit. Defendants otherwise deny the allegations of Paragraph 93 of the Complaint.

94.     Defendants admit the allegations of Paragraph 94 of the Complaint.

95.     Defendants admit the allegations of Paragraph 95 of the Complaint.

96.     Defendants admit the allegations of Paragraph 96 of the Complaint.

97.     Defendants aver that Paragraph 97 states a legal conclusion as to which no response is necessary. To the extent that a response is necessary, Defendants admit that TEC filed a Request for Extension of Time to Oppose for Good Cause the registration of Diageo's marks for the "Johnnie Walker Explorers' Club Collection" and "Johnnie Walker Explorers' Club Collection The Spice Road" on March 14, 2013. Defendants otherwise deny the allegations of Paragraph 97 of the Complaint.

98.     Defendants admit that Diageo and/or its affiliates received a letter from TEC dated April 18, 2013 and refer to the letter for an accurate and complete summary of its terms. Defendants otherwise deny the allegations of Paragraph 98 of the Complaint.

99.     Defendants admit that Diageo and/or its affiliates received a letter from George Gowen dated June 13, 2013 and refer to the letter for an accurate and complete summary of its terms. Defendants aver that they otherwise lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 99 and on that basis deny the allegations of Paragraph 99 of the Complaint.

100.    Defendants aver that they lack sufficient knowledge or information to form a belief as to the allegations of Paragraph 100 and on that basis deny the allegations of Paragraph 100 of the Complaint.

101.    Defendants aver that Paragraph 101 states a legal conclusion as to which no response is necessary. To the extent that a response is necessary, Defendants admit that TEC filed a notice of opposition to the registration of Diageo's marks for the "Johnnie Walker Explorers' Club Collection" and "Johnnie Walker Explorers' Club Collection The Spice Road on August 9, 2013. Defendants otherwise deny the allegations of Paragraph 101 of the Complaint.

102.    Defendants aver that Paragraph 102 states a legal conclusion as to which no response is necessary. To the extent that a response is necessary, Defendants deny the allegations of Paragraph 102 of the Complaint.

103.    Defendants aver that Paragraph 103 states a legal conclusion as to which no response is necessary. To the extent that a response is necessary, Defendants deny the allegations of Paragraph 103 of the Complaint.

104.    Defendants aver that Paragraph 104 states a legal conclusion as to which no response is necessary. To the extent that a response is necessary, Defendants deny the allegations of Paragraph 104 of the Complaint.

## FIRST CAUSE OF ACTION

105.    Defendants refer to and incorporate by reference their responses to Paragraphs 1-104 of the Complaint.

106.    Defendants deny the allegations of Paragraph 106 of the Complaint.

107.    Defendants deny the allegations of Paragraph 107 of the Complaint.

## SECOND CAUSE OF ACTION

108.    Defendants refer to and incorporate by reference their responses to Paragraphs 1-107 of the Complaint.

109.    Defendants deny the allegations of Paragraph 109 of the Complaint.

110.    Defendants deny the allegations of Paragraph 110 of the Complaint.

## THIRD CAUSE OF ACTION

111.    Defendants refer to and incorporate by reference their responses to Paragraphs 1-110 of the Complaint.

112.    Defendants deny the allegations of Paragraph 112 of the Complaint.

113.    Defendants deny the allegations of Paragraph 113 of the Complaint.

## FOURTH CAUSE OF ACTION

114.    Defendants refer to and incorporate by reference their responses to Paragraphs 1-113 of the Complaint.

115.    Defendants deny the allegations of Paragraph 115 of the Complaint.

116.    Defendants deny the allegations of Paragraph 116 of the Complaint.

## FIFTH CAUSE OF ACTION

117.    Defendants refer to and incorporate by reference their responses to Paragraphs 1-116 of the Complaint.

118.    Defendants deny the allegations of Paragraph 118 of the Complaint.

119.    Defendants deny the allegations of Paragraph 119 of the Complaint.

## SIXTH CAUSE OF ACTION

120.    Defendants refer to and incorporate by reference their responses to Paragraphs 1-119 of the Complaint.

121.    Defendants deny the allegations of Paragraph 121 of the Complaint.

122.    Defendants deny the allegations of Paragraph 122 of the Complaint.

## SEVENTH CAUSE OF ACTION

123.    Defendants refer to and incorporate by reference their responses to Paragraphs 1-122 of the Complaint.

124.    Defendants deny the allegations of Paragraph 124 of the Complaint.

125.    Defendants deny the allegations of Paragraph 125 of the Complaint.

## PRAYER FOR RELIEF

Defendants aver that the PRAYER FOR RELIEF section does not contain any allegations that require a response, but to the extent a response is required, Defendants deny the allegations contained in the PRAYER FOR RELIEF. Similarly, Defendants aver that any headings or subheadings in the Complaint do not contain allegations that require a response, but to the extent that a response is required, Defendants deny any and all such allegations.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any matters where that burden rests on TEC as Plaintiff, Defendants assert the following defenses with respect to the Complaint. Defendants reserve the right to amend their Answer, or assert additional Affirmative Defenses, as additional information becomes available and/or is discovered:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

TEC's suit is barred, or its claims for recovery are limited, to the extent that the Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

(Lack of Personal Jurisdiction)

TEC's suit is barred, or its claims for recovery are limited, to the extent that the Court lacks personal jurisdiction over any and/or all Defendants.

### THIRD AFFIRMATIVE DEFENSE

(Lack of Priority from Invalid License)

TEC's suit is barred, or its claims for recovery are limited, to the extent that it licensed its mark in gross, with inadequate quality control and, consequently, TEC does not own any applicable protectable trademark rights that have priority over Defendants' trademark rights.

## FOURTH AFFIRMATIVE DEFENSE

(Estoppel)

TEC's suit is barred, or its claims for recovery are limited, by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

(Abandonment)

TEC's suit is barred, or its claims for recovery are limited, to the extent that TEC has abandoned any purported trademark rights in any trademarks at issue in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

(Unclean Hands)

TEC's suit is barred, or its claims for recovery are limited, by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

(Laches, Acquiescence, and Waiver)

TEC's suit is barred, or its claims for recovery are limited, by the doctrines of laches, acquiescence, or waiver.

## EIGHTH AFFIRMATIVE DEFENSE

(Equity)

TEC's suit is barred, or its claims for recovery are limited, by any other remaining doctrines of equity not specifically articulated herein.

## NINTH AFFIRMATIVE DEFENSE

(Innocence & Non-Willfulness)

TEC's suit is barred, or its claims for recovery are limited, to the extent that Defendants' actions were innocent and non-willful.

## TENTH AFFIRMATIVE DEFENSE

(No Injunction)

TEC Is not entitled to any injunctive relief because any alleged injury to TEC is not immediate or irreparable, the balance of hardships and public interest weighs against the grant of an injunction, and TEC has an adequate remedy at law.

## ELEVENTH AFFIRMATIVE DEFENSE

(No Use in Interstate Commerce)

TEC's suit is barred, or its claims for recovery are limited, because Defendants did not use the accused marks in interstate commerce.

## TWELFTH AFFIRMATIVE DEFENSE

(Generic Terms)

TEC's suit is barred, or its claims for recovery are limited, because some or all of the asserted trademarks are generic.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Fair Use)

TEC's suit is barred, or its claims for recovery are limited, by the doctrines of fair use, nominative fair use and/or descriptive fair use.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Non-Infringement)

Defendants have not infringed any applicable trademarks under federal or state law.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Lack of Non-Profit Status)

To the extent that TEC seeks relief under N.Y. Gen. Bus. Law § 397, TEC's suit is barred, or its claims for recovery are limited, for reasons including, but not limited to, the fact that TEC is not a non-profit organization under federal or state law, nor is it "organized exclusively for religious, benevolent, humane, charitable, educational, hospital, patriotic, fraternal or veterans purposes or to promote the study or the advancement of the arts or sciences or to sustain, encourage or promote the musical or performing arts or to inform or educate the consumer by publishing and disseminating the results of tests and evaluations of goods and services."

## SIXTEENTH AFFIRMATIVE DEFENSE

(Duplicative Claims)

Without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims for any alleged single wrong.


Dated: May 13, 2014                    QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: _____

Robert L. Raskopf
Rachel E. Epstein
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849–7000

*Attorneys for Defendants Diageo Brands B.V., Diageo Americas Supply, Inc., Diageo North America, Inc., and Diageo Americas, Inc.*